UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**UNITED STATES OF AMERICA**          **CASE NO. 5:14-CR-00145-06**

**VERSUS**                            **JUDGE ROBERT G. JAMES**

**RODNEY RAYMOND (06)**               **MAGISTRATE JUDGE HORNSBY**

## ORDER

Before the Court are two filings received from Defendant Rodney Raymond. [Doc. Nos. 286, 294]. The first filing is a letter, which the Clerk of Court has docketed as a Motion to Reduce Sentence Pursuant to the First Step Act ("FSA"), wherein Defendant writes: "The new law past [sic] in Dec. 2018 about the 924(c) I'm trying to see if I'm eligible for any relieve [sic] because of the new law." [Doc. No. 286]. The Court presumes Defendant is referencing Section 403 of the FSA, entitled "Clarification of section 924(c) of title 18, United States Code." FSA, § 403, 132 Stat. 5194, 5221-22. This portion of the FSA made changes to consecutive sentencing on § 924(c) counts, where a defendant was convicted of multiple § 924(c) counts in a single prosecution. *Id.*; *see also United States v. Davis*, 139 S.Ct. 2319, 2324 n.1 (2019). As Defendant was convicted on only one count involving § 924(c), section 403 of the FSA is inapplicable to him.[1] [Doc. No. 164 at 1].

The second filing is a Letter-Motion requesting that the Court order the Bureau of Prisons ("BOP") to place Defendant in a halfway house (a.k.a. Residential Reentry Center or "RRC") or on home confinement for the final twelve months of his incarceration. [Doc. No. 294]. The

---

[1] To the extent Defendant seeks relief under section 404 of the FSA, he is likewise ineligible, as that section applies only to covered offenses committed before August 3, 2010. FSA, § 404(a); 132 Stat. at 5222. To the extent Defendant's conviction on Count 1 (conspiracy to distribute cocaine) would constitute a "covered offense," the conspiracy began after August 3, 2010 and therefore section 404 is inapplicable.

authority to determine a prisoner's place of confinement lies solely with the Bureau of Prisons. *See* 18 U.S.C. § 3621(b); *Tapia v. United States*, 564 U.S. 319, 331 (2011). During the final months of a prisoner's term of imprisonment, BOP may place the prisoner in a community correctional facility (for up to twelve months) or on home confinement (for up to six months) to prepare him or her for reentry into the community. See 18 U.S.C. § 3624(c). BOP makes this determination based on the factors set forth in 18 U.S.C. § 3621(b). *See* 18 U.S.C. § 3624(c)(4). One of the multiple factors BOP considers is any recommendation made by the sentencing court bearing on the prisoner's placement. 18 U.S.C. § 3621(b)(4). A court's recommendation however has no binding effect on BOP's authority to determine or change a prisoner's placement. 18 U.S.C. § 3621(b). Accordingly, the Motion for Placement in an RRC is denied.

For the reasons set forth above,

IT IS HEREBY ORDERED that Defendant's Motion for Sentence Reduction [Doc. No. 286] and his Motion for Placement in an RRC [Doc. No. 294] are DENIED.

SIGNED this 7th day of May, 2020.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE