UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 14-00145-06 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| RODNEY RAYMOND | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a letter motion seeking compassionate release (Record Document 303) filed by *pro se* Defendant Rodney Raymond ("Raymond"). See Record Document 303. Raymond seeks immediate release to home confinement because of the COVID-19 global pandemic and outbreak at his current Bureau of Prisons ("BOP") facility. See id. Raymond supplemented his letter motion to establish exhaustion. See Record Document 313. The Government has opposed Raymond's motion. See Record Documents 312, 315.

On December 9, 2014, Raymond pled guilty to conspiracy to distribute and possess with the intent to distribute a mixture and substance containing 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession of a firearm in the furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). See Record Documents 120 & 122. Raymond was sentenced on March 18, 2015 to 37 months as to the conspiracy charge and 60 months as to the firearm charge, said 60 months to run consecutively. See Record Documents 161, 163, and 164. He was sentenced to five years supervised release upon release from imprisonment. See id. Raymond is presently serving his sentence at Pollock USP. His projected release date is July 1, 2021.

In his motion, Raymond references both release to home confinement and compassionate release for extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(a)(i).  See Record Documents 303 & 313.  Raymond seeks release due to the prison environment during the COVID-19 pandemic, namely the inability to implement social distancing, and underlying medical conditions such as previously being a heavy smoker.  See id.  He also references his age of 41.  See id.  Out of an abundance of caution, the Court will examine Raymond's request as both a request for release to home confinement and a request for compassionate release.

Home Confinement

Title 18, United States Code, Section 3624(c)(2) provides that the Bureau of Prison's ("BOP") authority to release a prisoner "may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."  Under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. Law 116-136, enacted on March 27, 2020, "if the Attorney General finds that emergency conditions will materially affect" BOP functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under Section 3624(c)(2).  Pub. L. 116-136, § 12003(b)(2).  On April 3, 2020, the Attorney General found such conditions existed, stating "emergency conditions [created by COVID-19] are materially affecting the functioning" of the BOP.  See Memorandum from Attorney General William Barr to Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), available at https://www.justice.gov/file/1266661/download (last visited

4/20/2020). Thus, the BOP director now has the authority to grant home confinement to a larger group of prisoners. See id.

Section 3621(b) provides that the BOP "shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). The BOP considers bed availability, the prisoner's security designation, his programmatic needs, his mental and medical health needs, his faith-based needs, recommendations of the sentencing court, other security concerns of the BOP, and the proximity to his primary residence. See id. "A designation of a place of imprisonment under [Section 3621] is not reviewable by any court." Id. The Fifth Circuit has followed this statutory directive, stating "a prisoner has no liberty interest or right to be housed in any particular facility, and the BOP has wide discretion in designating the place of a prisoner's imprisonment." Siebert v. Chandler, 586 Fed.Appx. 188, 189 (5th Cir. 2014), citing Olim v. Wakinekona, 461 U.S. 238, 244-245, 103 S.Ct. 1741, 1745 (1983) and 18 U.S.C. § 3621(b).

The CARES Act does in fact grant broad discretion to the BOP regarding release to home confinement. However, such decisions still remain exclusively with the BOP. Nothing in the CARES Act changed the statutory authority granted in Section 3621(b) and this Court still lacks the power to order home confinement under the CARES Act. See generally U.S. v. Williams, No. CR 2:12-539, 2020 WL 1940836, at *2 (S.D. Tex. Apr. 22, 2020) ("While the CARES Act allows the BOP Director to lengthen the amount of time a prisoner may be placed in home confinement, nothing in the Act grants individual prisoners the right to serve the remainder of their sentence in home confinement. The BOP still has exclusive authority to determine where a prisoner is housed. 18 U.S.C. § 3621(B)."); U.S. v. Read-Forbes, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020) ("While

the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); U.S. v. Engleson, 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) (while court can recommend, ultimate decision whether to release inmate to home confinement rests with BOP); U.S. v. Hembry, 2020 WL 1821930, at *2 (N.D. Cal. Apr. 10, 2020); U.S. v. Carter, 2020 WL 1808288, at *2 (S.D. Ind. Apr. 9, 2020); U.S. v. Garza, 2020 WL 1485782, at *1 (S.D. Cal. Mar. 27, 2020).  Raymond's request for early release to home confinement is **DENIED**.

Compassionate Release

Raymond seeks compassionate release due to his age, "underlying conditions or vulnerabilities," previously being a "heavy smoker," and recent positive cases at USP Pollock.  See Record Document 313.  A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010).  Title 18, United States Code, Section 3582(c) provides that the court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);

(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or

(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Raymond moves to modify his sentence under 18 U.S.C. §§ 3582(c)(1)(A). Under this section, the court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018 only the Director of the Bureau of Prisons ("BOP") could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1)  prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

(2)  prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3852(c)(1)(A). The administrative exhaustion provision of the First Step Act is set out in mandatory terms and has been characterized by the Fifth Circuit as a mandatory claim-processing rule. See U.S. v. Franco, No. 20-60473, 2020 WL 5249369 at *2 (5th Cir. Sept. 3, 2020) ("The statute's language is mandatory."). The provision permits a court the authority to reduce a defendant's sentence only "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's

facility." 18 U.S.C. § 3582(c)(1)(A). The statute sets forth no exceptions to this mandatory statutory exhaustion requirement. Recently, the Fifth Circuit held in <u>Franco</u> that "those who seek a motion for compassionate release under the First Step Act must first file a request with the BOP." <u>Franco</u>, 2020 WL 5249369 at *3. Moreover, petitioners such as Raymond bear the burden of showing that he has exhausted his administrative remedies with the BOP before filing compassionate release motions. <u>See</u> <u>U.S. v. Van Sickle</u>, No. CR18-0250JLR, 2020 WL 2219496, *3 (W.D. Wash. May 7, 2020). Here, Raymond exhausted his administrative remedies, as the Warden rejected his request for compassionate release on June 16, 2020. <u>See</u> Record Document 313.

Subject to exhaustion and the considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) would permit a reduction in Raymond's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Turning to the Guidelines, U.S.S.G. § 1B1.13 explains that a reduction is authorized when the court, after consideration of the factors set forth in 18 U.S.C. § 3553(a), determines that extraordinary and compelling reasons exist and the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g). The reduction must also be consistent with the policy statements set forth in U.S.S.G. § 1B1.13. Application Note 1 of the U.S.S.G. § 1B1.13 sets forth what may constitute "extraordinary and compelling" circumstances that would permit a court to grant relief under Section 3582(c)(1)(A):

(A)  Medical Condition of the Defendant. –

    (i)  The defendant is suffering from a terminal illness (i.e. a serious and advanced illness with an end of lift trajectory). A

>> specific prognosis of life expectancy (i.e. a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is –
>
>> (I) suffering from a serious physical or mental condition,
>>
>> (II) suffering from a serious functional or cognitive impairment, or
>>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances. –
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or children.
>>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only caregiver for the spouse of registered partner.
>
> (D) Other Reasons. – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with the reasons described in subdivision (A) through (C).

Under the authority granted to the BOP in U.S.S.G. § 1B1.13 to further specify what it considers "extraordinary and compelling," BOP Program Statement 5050.50[1] lists similar conditions such as terminal illness, advanced age and the death of a spouse or registered

---

[1] Available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

partner. BOP's program statement does not depart from the manner in which "extraordinary and compelling" is otherwise defined. U.S. v. Hudec, No. 4:91-1-1, 2020 WL 4925675 (S.D.Tex. 8/19/2020) (noting that Program Statement 5050.50 provides the same bases as U.S.S.G. for a finding of "extraordinary and compelling" reasons for compassionate release).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). Here, Raymond argues he is entitled to compassionate release because of three positive cases at USP Pollock, lack of sanitation products, and the inability to social distance. Generalized fears regarding COVID-19 are insufficient to establish extraordinary and compelling reasons necessary to reduce a sentence. See U.S. v. Koons, 455 F. Supp. 3d 285, 292 (W.D. La. 2020); U.S. v. Wright, No. CR 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020); U.S. v. Clark, 451 F. Supp. 3d 651, 656 (M.D. La. 2020). Moreover, Raymond's age of 41 and his previous history of smoking do not fall within the scope of the categories set forth in Application Note 1 of the U.S.S.G. § 1B1.13. Raymond has presented no medical documentation evidencing any underlying medical conditions. See U.S. v. v. Aguila, No. 2:16-CR-00046-TLN, 2020 WL 1812159, at *2 (E.D. Cal. Apr. 9, 2020); U.S. v. Lotts, No.

CR 08-1631 JAP, 2020 WL 835298, at *3 (D.N.M. Feb. 20, 2020).  Because he bears the burden of establishing an entitlement to sentence reduction, Raymond's motion for compassionate release is denied.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Raymond's letter motion seeking home confinement and/or compassionate release (Record Document 303) be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 15th day of December, 2020.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT